**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>John L. Duffy and Rita S. Duffy,<br><br>                      Debtor(s). | C/A No. 09-06778-DD<br><br>Adv. Pro. No. 09-80191-DD<br><br>Chapter 7 |
| Charleston Area Federal Credit Union,<br><br>                      Plaintiff(s),<br><br>v.<br><br>John L. Duffy<br>Rita S. Duffy<br>Tracy L. Fox Low<br>Wachovia Mortgage FSB<br>William S. Low,<br><br>                      Defendant(s). | **ORDER SETTING ASIDE ENTRY OF DEFAULT** |

THIS MATTER is before the Court on Wachovia Mortgage FSB's ("Wachovia") Motion to Set Aside Default ("Motion"). A response to Wachovia's Motion was filed by Charleston Area Federal Credit Union ("Plaintiff"). Following a hearing on Wachovia's Motion, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52 made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052.

*FINDINGS OF FACT*

This adversary proceeding was initiated by the Complaint filed by Plaintiff on December 14, 2009. A Summons was issued by the Clerk of Court on December 16, 2010. A Certificate of Service was filed by the Plaintiff attesting that service of the Summons and Complaint were made upon Wachovia by making delivery to Sally Dunbar, authorized representative of Wachovia's registered agent, Prentice Hall Corporation. An Order to Appear and Show Cause was issued for the Plaintiff's failure to make proper service on

Wachovia pursuant to Fed. R. Bankr. P. 7004(h). Following a hearing, the Rule to Show Cause was dissolved by the Court's order entered February 17, 2010.

On the request of the Plaintiff, a summons was reissued on February 8, 2010. Plaintiff filed a new Certificate of Service as to Wachovia indicating service consistent with Fed. R. Bankr. P. 7004(h) on February 10, 2010. Pursuant to the reissued Summons, Wachovia's answer was due March 10, 2010. Wachovia did not answer or otherwise respond to the complaint. Wachovia's Motion to Set Aside Default was filed on March 15, 2010. At the hearing on Wachovia's Motion, Wachovia presented an unsworn declaration under penalty of perjury of Yessica J. Ortiz, a Title Resolutions Specialist with Wachovia. Ms. Ortiz stated she received a copy of the re-issued Summons in this case via email from another Wachovia employee late in the afternoon of Thursday, February 25, 2010, but did not appreciate that attached to the email was a Summons requiring Wachovia to answer a lawsuit. Due to illness, Ms. Ortiz did not return to work until Wednesday, March 3, 2010. Ms. Ortiz did not open the email containing the Summons until Monday March 8, 2010. Ms. Ortiz contends that upon her realization that the Summons required an immediate answer she attempted to contact Plaintiff's counsel by email, but received an out-of-office reply. Ms. Ortiz's email to Plaintiff's counsel stated that she received a copy of the Summons but not the Compliant and requested an extension of the time in which Wachovia could answer. The following day, Ms. Ortiz again attempted to contact Plaintiff's counsel and left a voicemail.

Plaintiff's counsel responded by email with an indication that she was willing to grant a ten day extension of Wachovia's deadline, but only in accordance with this Court's

Chambers Guidelines.[1] The requisite document was not prepared. The response from Plaintiff's counsel included a copy of the Complaint. Ms. Ortiz contends that because the Summons and Complaint make reference to the Duffys, who are not customers of Wachovia, she also had difficulty in locating the file for the loan referred to in the Complaint. Ms. Ortiz filed a claim with Wachovia's title insurance company on Wednesday March 10, 2010 and learned that the Scott Law Firm was often hired as Wachovia's counsel in South Carolina. Ms. Ortiz was unable to reach counsel with the Scott Law Firm on March 10. On March 11, 2010 Ms. Ortiz learned that the Scott Law Firm had a conflict of interest and could not represent Wachovia. Ms. Ortiz initiated contact with Wachovia's current counsel on March 12, 2010. A Motion to Set Aside Default was filed on March 15, 2010.

## *CONCLUSIONS OF LAW*

Wachovia seeks to have its default set aside pursuant to Fed. R. Civ. P. 55(c)[2] made applicable to this adversary proceeding by Fed. R. Bankr. P. 7055. Wachovia argues two grounds for setting aside the default (1) that the failure of Wachovia to answer timely was based on excusable neglect, and (2) that Wachovia was not served with a copy of the Complaint when it was served with the re-issued Summons. We dispose of the second contention first. Plaintiff argues that the pleadings were forwarded within Wachovia's organization no fewer than five times before they reached Ms. Ortiz and Ms. Ortiz is not able to say, by her own knowledge, whether the Summons and Complaint were mailed to Wachovia and actually received in South Dakota, where the Plaintiff mailed them. Based on

---

[1] Chambers Guidelines provide that extensions of time for filing of a responsive pleading in an adversary proceeding must be in writing and may not exceed fourteen (14) days, unless permission of the Court is received and an order is entered.
[2] Further reference to the Federal Rules of Civil Procedure will be by rule number only.

3

the affidavit of service and the affidavit of Lara R. Mayfield in the office of counsel for the Plaintiff, which states that a copy of the complaint was indeed included with the summons in the mailing, Wachovia has not rebutted the presumption that the Affidavit of Service is correct and the complaint was served along with the Summons.

Turning to the remaining issues Plaintiff argues that Wachovia's failure to file an answer does not meet the requirements for setting aside the default because Wachovia does not have a meritorious defense. The applicable rule is Rule 55(c) of the Federal Rules of Civil Procedure which provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides the means by which a court may relieve a party from a judgment based on one of six grounds including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988). A judgment has not yet been entered in this case. Therefore the Court only considers whether the default should be set aside pursuant to Rule 55. *See* 3 James Wm. Moore et al., Moore's Manual: Federal Practice and Procedure § 25.104[1][a] (Matthew Bender).

The question then is what constitutes "good cause" for setting aside a default. In the Fourth Circuit the Rule 60 factors are often analyzed as part of the Rule 55 "good cause" inquiry. "Rule 55 and Rule 60 have different standards of review, but there has been some mixing and mingling of the standards in the Fourth Circuit precedent, requiring careful articulation in analyzing such motions." *Colleton Prep. Acad., Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 405 (D.S.C. 2004). For both Rule 55(c) motions and Rule 60(b) motions, the court considers the same factors, but applies those factors more leniently when the action is

pursuant to Rule 55(c) as opposed to Rule 60(b). *Id.* This analysis takes place with a background that where there is doubt regarding default, courts generally prefer a trial on the merits. *See Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489 (5th Cir. 1962)(finding that a trial on the merits is preferable to default judgment).

Factors that are applied to a Rule 60(b) motion also provide a useful analysis of motions to set aside an entry of default. *Colleton Prep.*, 223 F.R.D. at 405.

> In short the factors that determine whether an entry of default should be set aside include (1) the promptness of the defaulting party, (2) the presence or absence of a meritorious defense, (3) whether the party or counsel bears the responsibility for the default, (4) the prejudice that would result to the innocent party, (5) whether the defaulting party has a history of dilatory conduct, and (6) the availability of sanctions less drastic.

*Id.* at 405-06. A party moving to set aside an entry of default must act in a timely fashion avoiding unfair prejudice to the non-movant and proffer a meritorious defense in order to obtain relief. *Augusta*, 843 F.2d at 727 (*citing United States v. Moradi*, 673 F.2d 725 (4th Cir. 1982); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894 (4th Cir. 1987)).

Application of the *Colleton* factors to this case suggests that Wachovia's default should be set aside. First, Wachovia's motion to set aside default was filed promptly. It was filed on the fifth day following the deadline, three days after counsel was hired. This time period includes a weekend. Second, while Wachovia, as opposed to its counsel, bears responsibility for the default, Plaintiff's counsel did conditionally agree that an extension of the deadline for a responsive pleading was acceptable in her email to Ms. Ortiz. This mitigates Wachovia's fault. In the days prior to expiration of the deadline, Wachovia attempted to contact its regular South Carolina counsel and learned, albeit too late, that

5

counsel had a conflict in the case. Wachovia promptly retained its current counsel who immediately began preparations to set aside default.

Turning to the substance of Plaintiff's Complaint, the Credit Union challenges the priority of Wachovia's lien, claiming that it had a pre-existing lien on the property. Wachovia asserts that on the date it made the loan in question, the public records showed that Wachovia's lien would be a first-position lien. More particularly, Wachovia contends that an Attorney Lien Satisfaction Affidavit was in the public records showing that the Plaintiff's mortgage was satisfied. Wachovia argues that it has priority under South Carolina law against the Plaintiff's lien, which was not of record when Wachovia made its loan. Wachovia need not prove its case to prevail in showing a meritorious defense, but "must allege specific facts that if proved at trial would constitute a defense to the claim asserted." 3 James Wm. Moore et al., Moore's Manual: Federal Practice and Procedure § 25.104[1][a] (Matthew Bender). It has done so.

Discovery in this Adversary Proceeding has just begun. Other defendants have answered and the case must go forward. Plaintiff's Complaint is not for liquidated damages and a hearing on any relief may be necessary even in the absence of Wachovia's answer. Wachovia's involvement in this case goes to the priority of liens against real property and a short delay does not unfairly prejudice the Plaintiff. Wachovia does not have a history of failing to meet any prior deadlines in this case and has not otherwise contributed to delay in the case. Finally, there is no less drastic sanction available and Wachovia has expressed a willingness to defend this case on an expedited basis.

## *CONCLUSION*

Given the preference for a trial on the merits over default judgments and considering the analysis of the factors detailed above, Wachovia should have relief.

IT IS THEREFORE ORDERED, that the entry of default against Wachovia is set aside.

IT IS FURTHER ORDERED that Wachovia file a responsive pleading within ten (10) days of the entry of this order.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**05/04/2010**

Entered: 05/04/2010

US Bankruptcy Court Judge
District of South Carolina